## T. C. McCULLOCH v. THE STATE.

No. 4324.   Decided December 27, 1916.

Rehearing denied January 31, 1917.

**1.—Carrying Pistol—Notice of Appeal—Recognizance.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the record failed to show that notice of appeal had been entered, the jurisdiction of this court does not attach; besides, the record as presented, would require an affirmance.

**2.—Same—Affidavits—Notice**

Where, upon rehearing, the appellant undertook by affidavits to show that he gave notice of appeal in the trial court but it was not entered of record, this is an insufficient showing.

**3.—Same—Statement of Facts—Transcript—Practice on Appeal.**

Where the transcript did not contain the order of the court either granting or refusing to grant the time for filing the statement of facts, and the court could not have granted more than twenty days beyond the term of court for filing said statement and bills of exception, the same could not be considered on appeal.

**4.—Same—Unreasonable Delay—Transcript.**

See opinion calling attention of the county authorities for the delay in filing transcript, etc., which requires an investigation.

Appeal from the County Court of Hopkins.   Tried below before the Hon. Dan R. Junell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the pistol law, his punishment being assessed at a fine of $100.

This record contains neither a statement of facts, bill of exceptions, motion for new trial, nor notice of appeal, and the attempted recognizance seems to be an appeal bond. Without notice of appeal, even if this bond should be counted sufficient to operate as a recognizance, the jurisdiction of this court does not attach. For these reasons the appeal, therefore, must be dismissed; but even had the jurisdiction of this court attached, the record as presented would require an affirmance.

The appeal, therefore, is dismissed.

*Dismissed.*

### ON REHEARING.

January 31, 1917.

DAVIDSON, PRESIDING JUDGE.—This case is presented for review on motion for rehearing.  The record failed to contain notice of appeal,

and a document was filed supposed to be a recognizance, or to operate as such. It is stated in the original opinion that this document is more in the nature of an appeal bond than a recognizance.

Appellant undertakes now, by affidavits, to show that he gave notice of appeal in the trial court, but it was not entered of record.. This is an insufficient showing. Appellant's counsel states in his affidavit that after the conviction of his client the early part of January, he secured a narrative form of the statement of facts taken by the stenographer and presented same to the county judge prior to the adjournment of court, asking him to review the matter and sign the bills of exception ·and statement of facts if found correct, otherwise to so change them as to conform to the real facts. He states the county judge informed him that he and the county attorney found the bills of exception and statement of facts incorrect and would not approve them. The county judge filed an affidavit that such statement of facts and bills of exception were not presented to him as stated by counsel for appellant, and, substantially, that he knew nothing about the statement of facts and heard nothing about it until perhaps in May subsequent to the adjournment of court the 22nd day of January. It seems also upon request of appellant's counsel the judge gave thirty days after adjournment of court in which to file statement of facts, and later extended that to sixty days. The transcript shows an application was made to the court on the 6th day of January, the conviction having occurred on the 4th. The application was for sixty days. The transcript does not contain the order either granting or refusing to grant the time. Under the decisions more than twenty days beyond the term of court could not be granted for filing these papers.

It will be noticed further in this connection that the court adjourned on the 22nd of January, 1916. The transcript was certified by the clerk of the County Court of Hopkins County on the 25th day of November, 1916, and was filed in the Court of Criminal Appeals on the 6th day of December, 1916. Without the statement of facts or bills of exception in the record, and without any showing why they are not there, the case was submitted for decision on December 20, 1916. Subsequent to the writing of the opinion, all these affidavits and counter affidavits and matters of that sort were gotten together and filed in connection with the motion for rehearing. Why this delay, is not explained. Appellant and his counsel must have known the condition of the case long prior to making up the transcript, and legally know under such condition that his case could not be reviewed on the questions involved in the statement of facts and bills of exception. This matter does not present itself as being meritorious. The whole matter manifests an utter want of diligence on the part of appellant and his counsel in preparation of the appeal.

We have not discussed the merits of these conflicting affidavits. It is to be greatly deplored that such things will occur. We call the atten-

tion of the authorities of Hopkins County to these matters. There is that about these matters which requires investigation.

The motion for rehearing is overruled.

*Overruled.*

MORROW, JUDGE, absent.